Ruby Mae McCombs v. Commissioner. Harold R. McCombs and Clara F. McCombs v. Commissioner.
McCombs v. Commissioner
Docket Nos. 7058-65 and 7247-65.
United States Tax Court
T.C. Memo 1967-124; 1967 Tax Ct. Memo LEXIS 134; 26 T.C.M. (CCH) 563; T.C.M. (RIA) 67124; June 5, 1967
*134 Belmore T. Martin, American Nat'l Bank Bldg., Denver, Colo., for the petitioners in docket No. 7247-65. [1] John W. Dierker, for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The respondent determined deficiencies in income tax of the petitioners as follows: Docket No.
Year
Deficiency
7058-65 Ruby Mae McCombs
1960
$ 799.00
1961
849.43
1962
907.32
1963
1,016.16
1964
873.80
7247-65 Harold R. McCombs
and Clara F. Mc-
Combs
1960
1,655.22
1961
1,337.12
1962
1,407.22
1963
1,470.09
1964
1,085.31
The only issue requiring a decision in these cases is whether that portion of amounts paid by Harold to his former wife, Ruby Mae McCombs, in each year, other than interest, were non-deductible property settlement payments or alimony payments. The Commissioner determined in Ruby's case that they were alimony payments taxable to her and in Harold's case that they were non-deductible property *135 settlement payments not deductible by him. Findings of Fact These cases were consolidated for trial and the facts were presented by a stipulation, which is incorporated herein by this reference as findings of fact. Harold and Clara, husband and wife, living at Denver, Colorado, filed joint income tax returns for the years here involved with the district director of internal revenue at Denver, Colorado. Ruby Mae living at Denver, Colorado, filed her income tax returns for the years here involved with the district director of internal revenue at Denver, Colorado. Harold R. and Ruby Mae McCombs were married on June 16, 1927, in Colorado Springs, Colorado. They were divorced in 1957. Two children were born of their marriage. One child had been married before 1957. The other was a minor son. A judge of the District Court for the city and county of Denver, Colorado, entered an opinion dated May 23, 1958, in the civil action case No. B-13980 of Ruby Mae McCombs, plaintiff v. Harold R. McCombs, defendant. The proceeding resulted in a property settlement. The Court recognized that Ruby Mae had contributed substantially toward the accumulation of the couple's net assets worth $194,454.12 *136 and should have $90,000 of the marital property. Certain of that property, having a total value of $22,000, was awarded to her and the balance of $67,000 was to be paid to her "either in cash by the defendant within thirty days or by the defendant's executing to plaintiff a promissory note for the said amount, with interest at four per cent per annum, payable in monthly installments of $495.60, or more, per month until fully paid, which payments include interest." The note was to be secured by a deposit of collateral. The note method was adopted and the collateral deposited. If Harold died before the note was paid in full the balance became due at once. Ruby Mae transferred some property to Harold in the settlement. The Court stated, "In view of the amount of property being awarded to the plaintiff here, the Court feels that there should be no award of permanent alimony" and no award of such was made by the Court. Opinion MURDOCK, Judge: The payments involved herein are those representing payments of the $67,000 of the property settlement awarded Ruby Mae secured by Harold's note. Those payments were not alimony payments made by Harold to Ruby Mae but were payments on a property *137 settlement as ordered by the Court. Decisions will be entered under Rule 50. Footnotes
1. Frank P. Lynch, Jr., is shown in the pleadings and stipulation of facts as counsel for Ruby Mae McCombs, docket No. 7058-65. He did not attend the trial and no briefs have been filed for Ruby Mae McCombs.↩